UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHAOXUAN ZHANG, derivatively on behalf of ATERIAN, INC., <br><br> Plaintiff, <br> v. <br><br> YANIV SARIG, *et al.*, <br><br> Defendants, <br> and <br><br> ATERIAN, INC., <br><br> Nominal Defendant. | Lead Case 1:21-cv-08657-VM (Master) <br><br> (Derivative Action) |

## **FINAL ORDER AND JUDGMENT**

A final settlement hearing (the "Settlement Hearing") was held before this Court on March 17, 2023, pursuant to this Court's Order on December 29, 2022 (the "Preliminary Approval Order"), to determine: (i) whether to grant final approval to the Settlement set forth in the Stipulation and Agreement of Settlement, dated December 12, 2022 (the "Stipulation" or "Settlement"), which is incorporated herein by reference; (ii) whether to enter the Final Order and Judgment proposed by the Settling Parties; and (iii) to hear and determine any objections to the Settlement. After due and sufficient notice having been given in accordance with the provisions of the Preliminary Approval Order, and all persons having any objection to the proposed Settlement of the Derivative Action embodied in the Settlement or the request for attorneys' fees and reimbursement of expenses having been given an opportunity to present such objections to the Court; the Court having heard and considered the matter, including all papers filed in connection therewith and the oral presentations of counsel and any objections raised at said hearing, and good cause appearing therefore,

1

**THE COURT HEREBY FINDS AND ORDERS** as follows:

1. All capitalized terms used in this Judgment and not otherwise defined herein shall have the same meaning as set forth and defined in the Stipulation.

2. This Court has jurisdiction over the subject matter of the above-captioned consolidated action (the "Derivative Action") and all Settling Parties, including all matters necessary to effectuate the Settlement.

3. The Court hereby grants final approval to the Settlement and finds that the Settlement and terms of the Stipulation are fair, reasonable, and adequate, and in the best interests of Aterian and Current Aterian Stockholders.

4. The Court finds for purposes of the Settlement that: (i) the Derivative Action was brought as a stockholder derivative suit pursuant to Federal Rule of Civil Procedure 23.1; and (ii) Plaintiffs and Plaintiffs' Counsel fairly and adequately represented the interests of Aterian and Current Aterian Stockholders.

5. The Court finds that the Notice provided to Current Aterian Stockholders was the best notice practicable under the circumstances of these proceedings and of the matters set forth therein, including the Settlement set forth in the Stipulation, to all Persons entitled to such notice. The Notice fully satisfied the requirements of Federal Rule of Civil Procedure 23.1 and the requirements of due process.

6. The Stipulation and the terms of the proposed Settlement are, in all respects, approved. The Setting Parties are directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation.

7. The Derivative Action and all claims therein are hereby dismissed with prejudice as to all of the Defendants. The Settling Parties shall bear their own fees, costs, and/or expenses except as otherwise provided in the Stipulation and the Preliminary Approval Order.

8. Upon the Effective Date, Aterian, Plaintiffs (acting on behalf of themselves and derivatively on behalf of Aterian), and each of the Current Aterian Stockholders (solely in their capacity as such) will be forever barred and enjoined from commencing, instituting, or prosecuting any of the Released Claims or any action or other proceeding against any of the Released Persons based on the Released Claims or any action or proceeding arising out of, related to, or in connection with the settlement or resolution of the Derivative Action, provided that nothing herein shall in any way impair or restrict the rights of any of the Settling Parties to enforce the terms of this Stipulation or the Judgment.

9. Upon the Effective Date, Aterian and the Individual Defendants, by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged each and all of the Plaintiffs, Plaintiffs' Counsel, Aterian, and all of the Current Aterian Stockholders (solely in their capacity as such) from all claims (including Unknown Claims) arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement or resolution of the Derivative Action. Nothing herein shall in any way impair or restrict the rights of any Settling Party to enforce the terms of this Stipulation or the Judgment.

10. With respect to any of Plaintiffs' Released Claims and Defendants' Released Claims, the Settling Parties stipulate and agree that upon the occurrence of the Effective Date, Plaintiffs, Aterian, the Individual Defendants, and Current Aterian Stockholders shall be deemed to have, and by operation of the Final Order and Judgment shall have, expressly waived, relinquished, and released any and all provisions, rights, and benefits conferred by or under Cal. Civ. Code § 1542 or any law of the United States or any state of the United States or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code § 1542. Plaintiffs, Aterian, and the Individual Defendants acknowledge, and Current Aterian Stockholders by operation of law shall be deemed to have acknowledged, that they may

discover facts in addition to or different from those now known or believed to be true with respect to the Plaintiffs' Released Claims and Defendants' Released Claims, but that it is the intention of Plaintiffs, Aterian, and the Individual Defendants, and by operation of law Current Aterian Stockholders, to completely, fully, finally and forever extinguish any and all Plaintiffs' Released Claims and Defendants' Released Claims, known or unknown, suspected or unsuspected, which now exist, or heretofore existed, or may hereafter exist, and without regard to the subsequent discovery of additional or different facts. Plaintiffs, Aterian, and the Individual Defendants acknowledge, and Current Aterian Stockholders by operation of law shall be deemed to have acknowledged, that the inclusion of Unknown Claims was separately bargained for and was a material element of the Settlement and was relied upon by each and all of Defendants in entering into the Settlement.

12. This Settlement shall be a final and complete resolution of all disputes among the Settling Parties with respect to the Derivative Action.

13. The Court hereby approves the Fee and Expense Amount in accordance with the Stipulation and finds that such fee is fair and reasonable. The payment of the Fee and Expense Amount in accordance with the terms of the Stipulation shall constitute final and complete payment for Plaintiffs' Counsel's attorneys' fees and for the reimbursement of expenses and costs that have been incurred, or will be incurred, in connection with the Derivative Action, and shall fully and completely discharge the obligations of Defendants to pay any fees or expenses of the Plaintiffs or Plaintiffs' Counsel. Plaintiffs' Counsel shall allocate the Fee and Expense Amount among themselves.

14. Pending the occurrence of the Effective Date, no person may institute, commence, or prosecute any action that asserts Released Claims against any of the Released Persons.

15. Neither this Order, the Settlement, the Stipulation (including any exhibits attached hereto), nor any act performed or document executed pursuant to, or in furtherance of, the Stipulation or the Settlement: (i) is, may be deemed to be, or may be offered, attempted to be offered, or used in any way as a concession, admission, or evidence of the validity of any Released Claims, or of any fault, wrongdoing, or liability of the Released Persons or Aterian; or (ii) is, may be deemed to be, or may be used as a presumption, admission, or evidence of, any liability, fault, or omission of any of the Released Persons in any civil, criminal, administrative, or other proceeding in any court, administrative agency, tribunal, or other forum. Neither this Order, the Stipulation nor the Settlement shall be admissible in any proceeding for any purpose, except to enforce the terms of the Settlement, and except that the Released Persons may file or use the Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, full faith and credit, release, good faith settlement, standing, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion, or similar defense or counterclaim.

16. During the course of the Derivative Action, all parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11, and all other similar rules, laws, or statutes.

17. In the event that a termination and cancellation of the Settlement occurs pursuant to the Stipulation: (i) the terms and provisions of the Stipulation shall be rendered void and shall have no further force and effect, except as otherwise provided in the Stipulation; and (ii) the Settling Parties shall be deemed to have reverted to their positions as of immediately prior to the execution of the Stipulation.

18. Without further order of the Court, the parties to the Stipulation are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits thereto to effectuate the Settlement that are not materially inconsistent with this Judgment.

19. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction with respect to implementation and enforcement of the terms of the Stipulation.

20. This Judgment is a final, appealable judgment and should be entered forthwith by the Clerk.

IT IS SO ORDERED.

Dated: 17 March, 2023.

_____
The Honorable Victor Marrero
United States District Court Judge